Rene L. Barge, Esq. (SBN 182317)
**CLASS ACTION LITIGATION GROUP, APC**
11111 Santa Monica Boulevard, Suite 1000
Los Angeles, California 90025
Telephone (310) 481-9851
rbarge@class-action-attorneys.com

Bruce Kokozian, Esq. (SBN 195723)
KOKOZIAN & NOURMAND LLP
5900 Wilshire Boulevard, Suite 1730
Los Angeles, California 90036
Telephone (323) 935-6677
bkokozian@knlawyers.com

FILED
'08 MAR -6 AM 10:59
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: cp DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

WILLIAM CHEN, on behalf of himself and all others similarly situated,

Plaintiffs,

v.

AMPCO SYSTEM PARKING, a California corporation; ABM INDUSTRIES, INC., a Delaware Corporation and DOES 1 through 100, Inclusive

Defendants.

CASE NO.: '08 CV 0422 BEN JMA

**CLASS ACTION** COMPLAINT FOR DAMAGES, INJUNCTIVE DECLARATORY RELIEF AND RESTITUTION

1. UNPAID WAGES AND UNPAID OVERTIME UNDER THE FAIR LABOR STANDARDS ACT
2. UNPAID WAGES AND UNPAID OVERTIME WAGES UNDER CALIFORNIA LAW
3. VIOLATION OF BUSINESS AND PROFESSIONS CODE §17000 et seq. AND §17200 ET SEQ;
4. FAILURE TO PROVIDE REST AND MEAL PERIODS OR COMPENSATION IN LIEU THEREOF;
5. FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS; and
6. REQUEST FOR PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF

**DEMAND FOR JURY TRIAL**

VIA FAX

**CLASS ACTION ALLEGATIONS**

1. This action is brought by Plaintiff WILLIAM CHEN ("Plaintiff/s"), individually and on behalf of all other similarly situated current and former employees of Defendants AMPCO SYSTEM PARKING, a California corporation; ABM INDUSTRIES, INC., a Delaware Corporation and DOES 1 through 100, Inclusive(hereinafter collectively referred to as "Defendants") as a nationwide collective action pursuant to 29 U.S.C. §216(b) for claims under the Fair Labor Standards Act ("FLSA") and a California statewide class action pursuant to Code of Civil Procedure §382 for claims under California law to recover, among other things: unpaid wages, unpaid overtime compensation, unpaid hours worked, liquidated damages, unpaid additional pay for Defendants failure to provide accurate wage statements to California-based employees, injunctive relief directing Defendants to provide the required information on the wage statement to California-based employees, restitution of unlawfully withheld wages from California-based employees, reasonable attorneys' fees and costs of suit.

2. **CLASS DEFINITION:** Plaintiffs seek to represent two (2) "classes" of current and former employees currently defined as follows:

**FLSA Class:** All persons who have been employed by Defendants as cashiers/ parking attendants and those with similar job titles and duties in the United States at anytime in the period commencing three (3) years preceding the filing of this complaint and file their consents to join this collective actions as party plaintiffs pursuant to 29 U.S.C. §216(b).

**California Class**: All persons who have been employed by Defendants as cashiers and parking attendants and those with similar job titles and duties in California at anytime in the period commencing four (4) years preceding the filing of this complaint.

(Members of the FLSA and California classes will be hereinafter referred to as "employees" or "Class Members") Plaintiffs are members and representatives of

both the FLSA Class and the California Class. Plaintiffs reserve the right under Rule 1855(b), California Rules of Court, and other applicable law, to amend or modify the Class definition with subclasses or with respect to issues, or in other ways.

3. As a result of Defendants' company-wide policies, practices, procedures, customs, protocols, routines, or other factors common to members of the FLSA Class and California Class, Plaintiffs and other members of the FLSA Class and California Class were compelled to, and did, work off-the-clock, before clocking in and after clocking out, and work through the work period without any meals breaks and without any rest breaks, to perform various tasks , including assisting in parking vehicles, directing traffic, cashiering duties, and providing parking attendant duties. At all times relevant to this actions, Defendants maintained a work atmosphere which compelled Plaintiff and other members of the FLSA Class and California Class to clock in and out at the schedules hours, but performed work before and after those hours, which Plaintiffs and other members of the FLSA Class and California Class did without any compensation. At all times relevant to this action, Defendants maintained a work atmosphere that discouraged Plaintiff and other members of the FLSA Class and California Class from recording all hours worked. Plaintiffs are informed and believe and thereon allege that Plaintiffs and the other members of the FLSA Class and California Class routinely worked "off-the-clock", including overtime hours, but Defendants failed to pay overtime compensation for these hours worked. Plaintiffs are informed and believe and thereon allege that Defendants failed to provide California Class Members with meal periods, break periods, and intentionally and knowingly failed to provide accurate wages statements, and willfully failed to pay all wages due in the final pay to class members who are no longer employed by Defendants. Plaintiffs are informed and believe and thereon alleged that these violations are continuing to this day.



03/05/2008 03:35 714-662-6987 DDS LEGAL PAGE 06/22

4. The persons in the classes are so numerous that the joinder of all such person is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

5. The claims of Plaintiffs herein alleged are typical of those claims which could be alleged by any member of the classes, and the relief sought is typical of the relief which would be sought by each of the members of the classes in separate actions.

6. Plaintiffs will fairly and adequately represent and protect the interests of all members of the classes and there are no known conflicts of interest between the names class representatives and class members.

7. The prosecution of separate actions by individual members of the Plaintiff classes would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the classes, establishing incompatible standards of conduct for the Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.

8. Common issues predominate the employees' claims in that all claims arise of Defendants' unlawful practice of inducing class members to perform work "off-the-clock" before, during, after their scheduled work shifts and Defendants' failure to pay class members wages and overtime wages in violation of State and Federal laws.

9. Plaintiffs have retained adequate counsel who have been previously certified as Class Counsel in many wage and hour class action cases and who are experienced and competent in both class action and employment litigation.

10. The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiffs bread the burden of pleading, proof, or persuasion. Plaintiffs reserve the right to plead in the alternative.

11. In this pleading, the term "Defendants" means "defendants and each of

them," and refers to the defendants named in the particular Cause of Action in which the word "Defendants" appears.

## PARTIES

12. Plaintiff William Chen ("Plaintiff" or "CHEN") was and is an individual residing in the State of California. CHEN was employed by Defendants as a Cashier/Parking Attendant from 2004 through January 2008.

13. At all relevant times CHEN was employed by Defendants.

14. Plaintiffs are informed and believe and thereon alleged that Defendant AMPCO SYSTEM PARKING was a California Corporation with its offices and business operations throughout the State of California including San Diego County doing business in California and other states throughout the United States of America.

15. Plaintiffs are informed and believe and thereon allege that Defendant ABM INDUSTRIES, INC. , was and is a Delaware Corporation doing business in California and other states throughout the United States of America. Defendant AMPCO SYSTEM PARKING is a wholly owned subsidiary of Defendant ABM INDUSTRIES, INC. Defendant ABM INDUSTRIES, INC. was a joint employer of Plaintiffs as Defendant ABM INDUSTRIES, INC. exercised days to day control over the management and employment decisions at AMPCO SYSTEM PARKING.

16. Plaintiffs are unaware of the true names of Defendants DOES 1 through 100. Said Defendants are sued by said fictitious names, and the pleadings will be amended as necessary to obtain relief against Defendants DOES 1 through 100 when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court. Plaintiffs are informed and believe and thereon allege that at all time relevant to this action, the named defendants and Defendants DOES 1 THROUGH 100 were affiliated and were an integrated enterprise.



03/05/2008 03:35 714-662-6987 DDS LEGAL PAGE 08/22

17. Plaintiffs are informed and believe and thereon allege that at all relevant times each defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and other members of the FLSA Class and California Class, and exercised control over their wages, hours, and working conditions. Plaintiffs are informed and believe and thereon allege that Defendants were joint -employers of Plaintiffs and other members of the FLSA Class and California Class. At all times relevant to this action, Plaintiffs and the other members of the FLSA Class and California Class have, directly or indirectly, performed served to each of the Defendants, and to the mutual benefit of all Defendants. Plaintiffs are informed and believe and thereon allege that, at all relevant times, each defendant was the principal, partners, joint venturer, successor in interest and/or predecessor in interest of some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiffs are informed and believe and thereon allege that each defendant acted pursuant to and within the scope of the relationships alleged above, that each defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled and abetted the conduct of all other Defendants.

18. Plaintiffs are informed and believe and thereon allege that at all times relevant to this action, Defendants have operated parking facilities throughout the United States of America, including California.

**FIRST CAUSE OF ACTION**

UNPAID WAGES AND UNPAID OVERTIME UNDER THE FLSA

(Collective Action for Unpaid Wages Against All Defendants)

19. Plaintiffs, individually and on behalf of all employees similarly situated, hereby restate, reallege, and incorporate by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

20. Plaintiffs bring this action on behalf of themselves and other members



03/05/2008 03:35 714-662-6987 DDS LEGAL PAGE 09/22

of the proposed FLSA Class as a collective action pursuant to 29 U.S.C §216(b), under the FLSA, 29 U.S.C. §201 et seq.

21. At all relevant times, each Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" withing the meaning of the FLSA, 29 U.S.C. §203. At all relevant times, Defendants have employed all members of the proposed FLSA Class as "employees" within the meaning of the FLSA. At all relevant times, each Defendant has had gross operating revenues in excess of $500,000.

22. At all times relevant to this action, Plaintiffs and the other members of the FLSA Class worked off-the-clock hours which included overtime hours in excess of forty (40) hours in a workweek, and Defendants willfully failed to pay them owed wages and/or overtime compensation at the legally mandated rate.

23. At all relevant times, Defendants willfully, regularly and repeatedly failed to make, keep, and preserve accurate records required by the FLSA with respect to Plaintiffs and the other FLSA Class member, including records sufficient to accurately determine the wages and hours of employment pertaining to Plaintiffs and the other FLSA Class members.

24. Pursuant to 29 U.S.C §§206, 207(a), and 216(b), Plaintiffs and the other members of the FLSA Class are entitled to damages in the amount of their respective unpaid wages; unpaid overtime compensation; and liquidated damages as provided by the FLSA, attorney's fees and costs of action, injunctive relief requiring Defendants to cease and desist from their violations of the FLSA described herein and to comply with the FLSA, and such other legal and equitable relief as the Court deems just and proper.

25. Pursuant to 29 U.S.C. §216(b), to become members of this FLSA collective action, the putative members of the FLSA Class are required to opt in to this action by filing their consents with the Court.

26. For the purposes of this notice and other purposes related to this

action, the names, addresses, and phone numbers of the putative members of the FLSA Class by individual mailing of the notice and consent to join form, and by posting of the notice and consent to join form at each and all of Defendants' locations throughout the United States.

27. Plaintiffs are informed and believe and thereon allege that there are hundreds of other putative members of the FLSA Class who will sign and file consent to join this collective action.

**SECOND CAUSE OF ACTION**

UNPAID WAGES AND UNPAID OVERTIME WAGES UNDER CALIFORNIA LAW

(Labor code §§203,204,215, 216, 226, 558, 1194, 1198 and/or 1199; IWC Wage Order 9)

( Collective Against All Defendants)

28. Plaintiffs, individually and on behalf of all employees similarly situated, hereby restate, reallege, and incorporate by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

29. Pursuant to Labor Code sections 201, 203, 215, 216, 226, 1174, 1194, 1194.2, and 1199, it is unlawful for an employer to suffer or permit and employee to work without paying wages for all hours worked, as required by the applicable Industrial Welfare Commission ("IWC") wage order, including but not limited to failed to keep records of and correctly report hours worked.

30. At all times relevant herein, IWC Wage Order No. 9 governing the "transportation" industries , applied and continues to apply to Class Members' employment with Defendants.

31. At all times relevant herein, Defendants maintained and enforced policies and practices of refusing to pay Class Members for all hours worked as follows:



03/05/2008 03:35 714-662-6987 DDS LEGAL PAGE 11/22

(a) Defendants deducted time [wages that were earned by the employee for working] from employees time sheets despite the fact employees work for this time that was deducted;

(b) Employees were encouraged and often did "off the clock" work. Managers permitted this "off the clock" work to occur.

32. Pursuant to Wage Order 9 Section 2(H), "hours worked" include the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

33. Under the provisions of the applicable Wage Orders, Plaintiffs and each Class Members should have received regular wages in a sum according to proof for the hours worked, but not compensated, during the three (3) years prior to the filing of this lawsuit. Defendants, therefore owes Plaintiffs and each Class Member regular wages, and has failed and refused, and continues to fail and refuse, to pay Plaintiffs and class members the amount owed.

34. Also, at all times relevant herein, Defendants by their policy of requiring non-exempt employees to work in excess of eight (8) hours in a workday and/or excess of forty (40) hours in a workweek and for the first eight (8) hours worked on the seventh (7th) consecutive day of the work in a workweek without compensating such employees at the rate of time and one-half (1 ½), and for failing to compensate non-exempt employees at double the regular rate of pay for all hours worked in excess of eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek during which non-exempt employees are required to work, as alleged above, Defendants willfully violated the provisions of Labor Code §1194.

35. As a result of the unlawful acts of Defendants, Plaintiffs and the Class Members seek to recover unpaid overtime wages in an amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code §§1194, 1999, and



03/05/2008 03:35 714-662-6987 DDS LEGAL PAGE 12/22

218.5.

36. At all times relevant herein, IWC Wage Order No.9, Section 2(H), requires every employer to maintain times records showing when the employee begins and ends each shift and also times records which accurately reflect hours worked. Defendant failed and refused to accurately record hours actually worked by Class Members by engaging the following custom, practices, and procedures:

(a) Defendants deducted time [wages that were earned by the employee for working] from employees time sheets despite the fact employees work for this time that was deducted;

(b) Employees were encouraged and often did "off the clock" work. Managers permitted this "off the clock" work to occur.

37. Defendant did not timely pay wages owed to Plaintiffs and other formerly employed Class Members at the conclusion of their employment with Defendants, entitling these former employees to statutory penalties under Labor Code §§201-203.

38. Plaintiffs, individually and on behalf of employees similarly situated, request recovery of wages, reporting time wages, liquidated damages, overtime wages, and waiting time penalties according to proof and interest, attorneys fees, and costs pursuant to Labor Code §1194, subdivision (a).

## THIRD CAUSE OF ACTION

(Violation of Business and Professions Code §17000 et Seq. And §17200 et Seq)

(Collective Against All Defendants)

39. Plaintiffs, individually and on behalf of all employees similarly situated, hereby restate, reallege, and incorporate by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

40. Defendants, and each of them, are "persons" as defined under Business and Professions Code section 17021.



03/05/2008 03:35 714-662-6987 DDS LEGAL PAGE 13/22

41. Each of the directors, office and/or agents of Defendants is equally responsible for the act of the others as set forth in Business and Professions Code Section 17095.

42. Defendants maintain and operate parking facilities and support services in California including but not limited to the services of parking vehicles, helping customers in and out of parking facilities, directing traffic thus providing services to the public as defined by Business and Professions Code §§17022 and 17024.

43. Plaintiffs are informed and believe that for the last four years, Defendants have intentionally and improperly failed to pay regular wages and overtime pay, have failed to provide mandatory meal and rest breaks, have failed to comply with Labor Code Section 226(a) reporting requirements, and failed to provide related benefits, to Class Members in violation of Labor Code sections 1198, and 1199, IWC Wage Order 9 , and the guidelines set forth by the Division of Labor Standards Enforcement and the Industrial Welfare Commission.

44. Defendants' failure to pay required wages to Class Members has resulted in Defendant under-reporting to federal and state authorities wages earned by Class Members and, therefore, under-paying state and federal taxes, employer matching funds, unemployment premiums, social security, Medicare, and workers' compensation premiums, all this in an amount based on estimated unpaid wages according to the proof.

45. Defendants' failure to maintain records of hours worked, failure to provide meal and rest breaks, and failure to pay wages earned is either unfair and/or an offense punishable by both statutory fine and imprisonment for each violation. Defendants' acts constitute a continuing and ongoing unfair and unlawful activity prohibited by Business and Profession Code §17200 et seq. and justify the issuance of an injunction, restitution and other equitable relief pursuant to Business & Professions Code §17203 both as to the company and its managing agents and

officers.

46. Plaintiffs, and each class member have been injured in fact by the unlawful and/or unfair business practices of Defendants, by Defendants' failure to pay wages when due and owing.

47. The victims of these unfair, fraudulent and/or illegal business practices include, but are not limited to, the Class Members and employees of Defendants, and the general public. Plaintiffs are informed and believe and thereon alleged that Defendants performed the above-mentioned acts with the intent of gaining an unfair competitive advantage and thereby injuring Plaintiffs, Class Members, other competitors, and the general public.

48. The semi-monthly failure to pay earned wages is a crime punishable by both a statutory fine and imprisonment for each violation pursuant to Business and Professions Code section 17100, and other statutes. The acts constitute continuing and ongoing unlawful activities prohibited by Business and Profession Code Section 17000 et seq. and 17000 et seq. and justify the issuance of an injunction. All remedies are cumulative pursuant to Business and professions code section 17205.

49. Pursuant to Business and Profession Code section 17203, Plaintiffs, on behalf of themselves and all class Members, request restitution and/or disgorgement of all wages wrongfully retained by Defendants in violations of Business and Professions Code sections 17000 et seq. and 17200 et seq. Further, Plaintiffs request attorneys' fees and costs pursuant to Code of Civil Procedure section 1021.5 upon proof they have acted in public interest as set forth in the Private Attorney General Act.

**FOURTH CAUSE OF ACTION**

(FAILURE TO PROVIDE MEAL PERIODS AND REST PERIOD- LABOR CODE SECTIONS 226.7 AND 512, WAGE ORDER 9 )

(Collective Action Against All Defendants)



03/05/2008 03:35 714-662-6987 DDS LEGAL PAGE 15/22

50. Plaintiffs, individually and on behalf of all employees similarly situated, hereby restate, reallege, and incorporate by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

51. Plaintiffs bring this Cause of Action on behalf of themselves and the other members of the proposed California Class as a class action pursuant to Code of Civil Procedure §382.

52. At all times relevant to this Cause of Action, Labor Code §512 provides that "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes...."

53. At all times relevant to this Cause of Action, Labor Code §226.7 provides as follows:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided."

54. At all times relevant to this Cause of Action, Section 11 of the applicable Industrial Welfare Commission's Wage Orders provides as follows:

"(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes...

"(B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes...

"(D) If an employer fails to provide an employee a meal period in accordance



03/05/2008 03:35 714-662-6987 DDS LEGAL PAGE 16/22

with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided..."

55. At all times relevant to this Cause of Action, Section 12 of the applicable Industrial Welfare Commission's Wage Orders provides as follows:

"(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be abed on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.

"(B) If an employer fails to provide an employee a rest period in accordance with the applicable provision of this Order, the employer shall pay the employee (1) one hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided."

56. Plaintiff, as well as other Class Members, were not provided time to take a non-working thirty-minute meal break or two ten-minute rest breaks during their work shifts. All standard work shifts for Class Members were greater than five hours and Class Members were required to continue with their duties during times when the meal breaks were due to them and /or work through the entire shift without any rest breaks.

57. At all relevant times, Defendant failed to make, keep, and preserve accurate records required by California law with respect to Plaintiffs and the other class members, including the start and end times for each meal or rest period taken.

58. As a result of Defendants' failure to comply with the Meal and Rest Break regulations set forth in Wage Order 9, each Class Member is entitled to be compensated for up to one hour of pay for each work shift longer than five hours during which they were not provided a full thirty minute non-working meal break and entitled to one hour of pay for each work shift longer than four (4) hours where they were not provided a non-working 10 minute rest break.

**FIFTH CAUSE OF ACTION**

(FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS- LABOR CODE §226)

(Collective Action Against All Defendants)

59. Plaintiffs, individually and on behalf of all employees similarly situated, hereby restate, reallege, and incorporate by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

60. Plaintiffs bring this Cause of Action on behalf of themselves and the other members of the proposed California Class a class action pursuant to C.C.P. §382.

61. Pursuant to Labor Code §226(a) Plaintiffs and the other California Class members were entitled to receive, at the time wages were paid, a written itemized statement that accurately shows, among other things, "(1) gross wages earned, (2) total hours worked by the employee.. and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

62. Defendants failed to provide Plaintiffs and the other California Class members wage statements in accordance with Labor Code §226(a). Plaintiffs are informed and believe and thereon allege that all relevant times within the applicable limitations period Defendants maintained and continue to maintain a policy or practice of not providing employees with wage statements that comply with the requirements of Labor Code §226(a).

63. Defendants' failure to provide Plaintiff and the other California Class members with accurate wage statements was knowing and intentional.

64. As a result of Defendants' conduct, Plaintiffs and the other California Class members have suffered injury in that, among other things, the lack of the required information hindered them from determining the amounts of wage owed to



03/05/2008 03:35 714-662-6987 DDS LEGAL PAGE 18/22

them and led them to believe that they were not entitled to be paid wages for missed meal and rest breaks, or for report for work early or for staying late after their shift was supposed to end, although they were so entitled. The absence of accurate information on their wage statements has prevented challenges to Defendants' unlawful pay practices and resulted in the submission by Defendants of inaccurate information about wages and deductions from wages to state and federal government agencies. Plaintiffs and the other California Class members' entitlement to social security benefits, FICA , and FUTA is based upon the total amount of wages earned and deductions form wages as reflected on their wage statements, and are thereby inured by the Defendants' failure to report the total amount of wages earned during each pay period on each paycheck stub. In addition, pay for missed meal and rest period were not accurately reported on the wage statements provided by Defendants even though the Internal Revenue Services has issued an opinion letter stating that employers should treat monies paid for missed meal or rest period as wages for purposes of FICA and FUTA and other federal tax deductions and withholdings. As a result of Defendants' conduct, Plaintiffs and the other class members have suffered injury in that their legal rights to receive accurate wage statements were violated.

65. Pursuant to Labor Code §226(e), Plaintiffs and the other California Class Members are entitled to recover the greater of actual damages or liquidated damages in the amount of fifty dollars ($50) for the initial pay period in which a violation of Labor Code §226 occurred and one hundred dollars ($100) for each violation of Labor Code Section 226 in a subsequent pay period, not to exceed four thousand dollars ($4,000) per employee.

66. Pursuant to Labor Code §226(g), Plaintiffs and the other California Class members are entitled to bring an action for injunctive relief to ensure Defendants' compliance with Labor Code §226(a). Injunctive relief is warranted because Defendants continue to provide currently employed members of the class

with deficient wage statements in violation of Labor Code §226(a).

67. Plaintiffs and the other California Class members are entitled to recover the full amount due under Labor Code §226(e), reasonable attorney's fees and costs of suit.

**<u>SIXTH CAUSE OF ACTION</u>**

(Request for Preliminary and Permanent Injunction and other Equitable Relief)

(Collective Action Against All Defendants)

68. Plaintiffs, individually and on behalf of all employees similarly situated, hereby restate, reallege, and incorporate by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

69. Plaintiffs allege that if Defendants are not enjoined from the conduct set forth above, it will continue to fail to pay minimum wages, regular wages, overtime wages, and wages for missed meal and rest breaks to currently-employed class members. In addition, Defendant will continue to avoid paying the appropriate taxes, insurance, and unemployment withholdings.

70 . Plaintiffs request that the Court issue a preliminary and permanent injunction prohibiting the Defendants from requiring class member from working off-the-clock without pay, working overtime without overtime pay, and working through legally mandated meal and rest periods.

71. Plaintiffs also request that the Court order the Defendants to pay restitution to the class members in the form of illegally retained earned overtime wages and benefits, and to disgorge all illegally obtained monies from failing to pay taxes, state disability insurance premiums, and unemployment taxes, obtained by way of its violations of Business and Profession Code Section 17000 et seq. And 17200 et seq.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment for themselves and all others on



03/05/2008 03:35 714-662-6987 DDS LEGAL PAGE 20/22

whose behalf this suit is brought, against Defendants, jointly and severally as follows:

A. For certification of the First Cause of Action for Unpaid wages and Unpaid Overtime Compensation as a Collective Action pursuant to 29 U.S.C §216(b).

B. For certification of the Second through the Sixth Causes of Action as a Class Action pursuant to Code of Civil Procedure §382.

C. For appointment of Plaintiff as the representatives of the FLSA Class and the California Class.

D. For appointment of Counsel for Plaintiff as Class Counsel for the FLSA Class and California Class.

E. For such general, special and liquidated damages as may be appropriate, including all damages alleged above.

F. For minimum wages, regular wages, and overtime wages for all work performed off-the-clock, and unpaid wages for all work for which they were not paid, including liquidated damages.

G. For additional compensation for Defendants' failure to provide meal and rest periods.

H. For waiting time continuation of wages for up to thirty (30) days as provided for in Labor Code §203 for all California Class members who are no longer employed by Defendants.

I. For the amounts provided for in Labor Code §226(e).

J. For restitution as described in the claim for relief under Business & Professions Code §§17200 et seq. above.

K. For pre-judgment interest.

L. For permanent injunctive and declaratory relief described in the claim for relief under Labor Code §226(g) and Business & Prof. Code §§17200 et seq. above.



03/05/2008 03:35 714-662-6987 DDS LEGAL PAGE 21/22

M. For cost of suit and attorneys' fees under the FLSA and Labor Code section 1194 and other applicable provision of law.

N. For such other relief as the Court deems just and proper.

DATED: February 28, 2008

By: [signature]
Rene L. Barge, Esq.
Bruce Kokozian, Esq.
Attorneys for Plaintiff William Chen, individually and on behalf of all employees similarly situated.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: February 28, 2008

VIA FAX

By: [signature]
Rene L. Barge, Esq.
Bruce Kokozian, Esq.
Attorneys for Plaintiff William Chen, individually and on behalf of all employees similarly situated.



03/05/2008 03:35 714-662-6987 DDS LEGAL PAGE 22/22

UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 148449 - SH
* * C O P Y * *
March 06, 2008
11:01:52

Civ Fil Non-Pris
USAO #.: 08CV0422
Judge..: ROGER T BENITEZ
Amount.: $350.00 CK
Check#.: BC26932

Total-> $350.00

FROM: CHEN V. AMPCO SYSTEM PARKING

# CIVIL COVER SHEET

VIA FAX

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

WILLIAM CHEN, on behalf of himself and all others similarly situated

(b) County of Residence of First Listed Plaintiff: Los Angeles
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Class Action Litigation Group, APC, 11111 Santa Monica Blvd., #1000, Los Angeles, CA 90025 Tel: 310-481-9851

**DEFENDANTS**

FILED

AMPCO SYSTEM PARKING, a California Corporation; ABM INDUSTRIES, INC., a Delaware Corporation

08 MAR -6 AM 10:58

County of Residence of First Listed Defendant: San Diego
(IN U.S. PLAINTIFF CASES ONLY)

CLERK U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

CP

Attorneys (If Known) '08 CV 0422 BEN JMA

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

CONTRACT: ☐ 110 Insurance; ☐ 120 Marine; ☐ 130 Miller Act; ☐ 140 Negotiable Instrument; ☐ 150 Recovery of Overpayment & Enforcement of Judgment; ☐ 151 Medicare Act; ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans); ☐ 153 Recovery of Overpayment of Veteran's Benefits; ☐ 160 Stockholders' Suits; ☐ 190 Other Contract; ☐ 195 Contract Product Liability; ☐ 196 Franchise

REAL PROPERTY: ☐ 210 Land Condemnation; ☐ 220 Foreclosure; ☐ 230 Rent Lease & Ejectment; ☐ 240 Torts to Land; ☐ 245 Tort Product Liability; ☐ 290 All Other Real Property

TORTS — PERSONAL INJURY: ☐ 310 Airplane; ☐ 315 Airplane Product Liability; ☐ 320 Assault, Libel & Slander; ☐ 330 Federal Employers' Liability; ☐ 340 Marine; ☐ 345 Marine Product Liability; ☐ 350 Motor Vehicle; ☐ 355 Motor Vehicle Product Liability; ☐ 360 Other Personal Injury

PERSONAL INJURY: ☐ 362 Personal Injury - Med. Malpractice; ☐ 365 Personal Injury - Product Liability; ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY: ☐ 370 Other Fraud; ☐ 371 Truth in Lending; ☐ 380 Other Personal Property Damage; ☐ 385 Property Damage Product Liability

CIVIL RIGHTS: ☐ 441 Voting; ☐ 442 Employment; ☐ 443 Housing/ Accommodations; ☐ 444 Welfare; ☐ 445 Amer. w/Disabilities - Employment; ☐ 446 Amer. w/Disabilities - Other; ☐ 440 Other Civil Rights

PRISONER PETITIONS: ☐ 510 Motions to Vacate Sentence; Habeas Corpus: ☐ 530 General; ☐ 535 Death Penalty; ☐ 540 Mandamus & Other; ☐ 550 Civil Rights; ☐ 555 Prison Condition

FORFEITURE/PENALTY: ☐ 610 Agriculture; ☐ 620 Other Food & Drug; ☐ 625 Drug Related Seizure of Property 21 USC 881; ☐ 630 Liquor Laws; ☐ 640 R.R. & Truck; ☐ 650 Airline Regs.; ☐ 660 Occupational Safety/Health; ☐ 690 Other

LABOR: ☒ 710 Fair Labor Standards Act; ☐ 720 Labor/Mgmt. Relations; ☐ 730 Labor/Mgmt.Reporting & Disclosure Act; ☐ 740 Railway Labor Act; ☐ 790 Other Labor Litigation; ☐ 791 Empl. Ret. Inc. Security Act

BANKRUPTCY: ☐ 422 Appeal 28 USC 158; ☐ 423 Withdrawal 28 USC 157

PROPERTY RIGHTS: ☐ 820 Copyrights; ☐ 830 Patent; ☐ 840 Trademark

SOCIAL SECURITY: ☐ 861 HIA (1395ff); ☐ 862 Black Lung (923); ☐ 863 DIWC/DIWW (405(g)); ☐ 864 SSID Title XVI; ☐ 865 RSI (405(g))

FEDERAL TAX SUITS: ☐ 870 Taxes (U.S. Plaintiff or Defendant); ☐ 871 IRS—Third Party 26 USC 7609

OTHER STATUTES: ☐ 400 State Reapportionment; ☐ 410 Antitrust; ☐ 430 Banks and Banking; ☐ 450 Commerce; ☐ 460 Deportation; ☐ 470 Racketeer Influenced and Corrupt Organizations; ☐ 480 Consumer Credit; ☐ 490 Cable/Sat TV; ☐ 810 Selective Service; ☐ 850 Securities/Commodities/ Exchange; ☐ 875 Customer Challenge 12 USC 3410; ☐ 890 Other Statutory Actions; ☐ 891 Agricultural Acts; ☐ 892 Economic Stabilization Act; ☐ 893 Environmental Matters; ☐ 894 Energy Allocation Act; ☐ 895 Freedom of Information Act; ☐ 900 Appeal of Fee Determination Under Equal Access to Justice; ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 29 U.S.C. Sec. 216(b)

Brief description of cause: FLSA and California Labor Code violation

**VII. REQUESTED IN COMPLAINT:** ☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 DEMAND $ CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE DOCKET NUMBER

DATE: 02/28/2008 SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY

RECEIPT # 148449 AMOUNT $350 APPLYING IFP JUDGE MAG. JUDGE

SEI 3/6/08