```
 1  Rene L. Barge, Esq. (SBN 182317)
    CLASS ACTION LITIGATION GROUP, APC
 2  11111 Santa Monica Boulevard, Suite 1000
    Los Angeles, California 90025
 3  Telephone (310) 481-9851
    rbarge@class-action-attorneys.com
 4
    Bruce Kokozian, Esq. (SBN 195723)
 5  KOKOZIAN & NOURMAND LLP
    5900 Wilshire Boulevard, Suite 1730
 6  Los Angeles, California 90036
    Telephone (323) 935-6677
 7  bkokozian@knlawyers.com
```

FILED
08 APR 28 PM 2:09
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

**VIA FAX**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CHEN, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMPCO SYSTEM PARKING, a California corporation; ABM INDUSTRIES, INC., a Delaware Corporation and DOES 1 through 100, Inclusive<br><br>Defendants. | CASE NO.: 08cv0422 BEN (JMA)<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR UNPAID WAGES, MINIMUM WAGES AND OVERTIME COMPENSATION UNDER THE FAIR LABOR STANDARDS ACT**<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION ALLEGATIONS**

1.   This action is brought by Plaintiff WILLIAM CHEN ("Plaintiff/s"), individually and on behalf of all other similarly situated current and former employees of Defendants AMPCO SYSTEM PARKING, a California corporation; ABM INDUSTRIES, INC., a Delaware Corporation and DOES 1 through 100, Inclusive(hereinafter collectively referred to as "Defendants") as a nationwide collective action pursuant to 29 U.S.C. §216(b) for claims under the Fair Labor

1

1  Standards Act ("FLSA") to recover, among other things: unpaid wages, minimum
2  wages and overtime compensation, liquidated damages, reasonable attorneys' fees
3  and costs of suit.
4      2.  **CLASS DEFINITION:** Plaintiffs seek to represent current and former
5  employees currently defined as follows:
6      <u>**FLSA Class**</u>: All persons who have been employed by Defendants as
7  cashiers/ parking attendants and those with similar job titles and duties in the
8  United States at anytime in the period commencing three (3) years preceding the
9  filing of this complaint and file their consents to join this collective actions as party
10 plaintiffs pursuant to 29 U.S.C. §216(b).
11      (Members of the FLSA class will be hereinafter referred to as
12 "employees" or "Class Members") Plaintiffs are members and representatives of
13 the FLSA Class. Plaintiffs reserve the right under Rule 1855(b), California Rules
14 of Court, and other applicable law, to amend or modify the Class definition with
15 subclasses or with respect to issues, or in other ways.
16     3.  As a result of Defendants' company-wide policies, practices,
17 procedures, customs, protocols, routines, or other factors common to members of
18 the FLSA Class, Plaintiffs and other members of the FLSA Class were compelled
19 to, and did, work off-the-clock, before clocking in and after clocking out, to
20 perform various tasks , including assisting in parking vehicles, directing traffic,
21 cashiering duties, and providing parking attendant duties. At all times relevant to
22 this actions, Defendants maintained a work atmosphere which compelled Plaintiff
23 and other members of the FLSA Class to clock in and out at the schedules hours,
24 but performed work before and after those hours, which Plaintiffs and other
25 members of the FLSA Class did without any compensation. At all times relevant to
26 this action, Defendants maintained a work atmosphere that discouraged Plaintiff
27 and other members of the FLSA Class from recording all hours worked. Plaintiffs
28 are informed and believe and thereon allege that Plaintiffs and the other members of

2

the FLSA Class routinely worked "off-the-clock", including overtime hours, but Defendants failed to pay overtime compensation for these hours worked. Plaintiffs are informed and believe and thereon alleged that these violations are continuing to this day.

4. The persons in the classes are so numerous that the joinder of all such person is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

5. The claims of Plaintiffs herein alleged are typical of those claims which could be alleged by any member of the classes, and the relief sought is typical of the relief which would be sought by each of the members of the classes in separate actions.

6. Plaintiffs will fairly and adequately represent and protect the interests of all members of the classes and there are no known conflicts of interest between the names class representatives and class members.

7. The prosecution of separate actions by individual members of the Plaintiff classes would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the classes, establishing incompatible standards of conduct for the Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.

8. Common issues predominate the employees' claims in that all claims arise of Defendants' unlawful practice of inducing class members to perform work "off-the-clock" before, during, after their scheduled work shifts and Defendants' failure to pay class members wages and overtime wages in violation of Federal laws.

9. Plaintiffs have retained adequate counsel who have been previously certified as Class Counsel in many wage and hour class action cases and who are experienced and competent in both class action and employment litigation.

10. The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiffs bread the burden of pleading, proof, or persuasion. Plaintiffs reserve the right to plead in the alternative.

11. In this pleading, the term "Defendants" means "defendants and each of them," and refers to the defendants named in the particular Cause of Action in which the word "Defendants" appears.

## PARTIES

12. Plaintiff William Chen ("Plaintiff" or "CHEN") was and is an individual residing in the State of California. CHEN was employed by Defendants as a Cashier/Parking Attendant from 2004 through January 2008.

13. At all relevant times CHEN was employed by Defendants.

14. Plaintiffs are informed and believe and thereon alleged that Defendant AMPCO SYSTEM PARKING was a California Corporation with its offices and business operations throughout the State of California including San Diego County doing business in California and other states throughout the United States of America.

15. Plaintiffs are informed and believe and thereon allege that Defendant ABM INDUSTRIES, INC., was and is a Delaware Corporation doing business in California and other states throughout the United States of America. Defendant AMPCO SYSTEM PARKING is a wholly owned subsidiary of Defendant ABM INDUSTRIES, INC. Defendant ABM INDUSTRIES, INC. was a joint employer of Plaintiffs as Defendant ABM INDUSTRIES, INC. exercised days to day control over the management and employment decisions at AMPCO SYSTEM PARKING.

16. Plaintiffs are unaware of the true names of Defendants DOES 1 through 100. Said Defendants are sued by said fictitious names, and the pleadings will be amended as necessary to obtain relief against Defendants DOES 1 through 100 when the true names and capacities are ascertained or when such facts

4

pertaining to liability are ascertained, or as permitted by law or by the Court. Plaintiffs are informed and believe and thereon allege that at all time relevant to this action, the named defendants and Defendants DOES 1 THROUGH 100 were affiliated and were an integrated enterprise.

17. Plaintiffs are informed and believe and thereon allege that at all relevant times each defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and other members of the FLSA Class, and exercised control over their wages, hours, and working conditions. Plaintiffs are informed and believe and thereon allege that Defendants were joint-employers of Plaintiffs and other members of the FLSA Class. At all times relevant to this action, Plaintiffs and the other members of the FLSA Class have, directly or indirectly, performed served to each of the Defendants, and to the mutual benefit of all Defendants. Plaintiffs are informed and believe and thereon allege that, at all relevant times, each defendant was the principal, partners, joint venturer, successor in interest and/or predecessor in interest of some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiffs are informed and believe and thereon allege that each defendant acted pursuant to and within the scope of the relationships alleged above, that each defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled and abetted the conduct of all other Defendants.

18. Plaintiffs are informed and believe and thereon allege that at all times relevant to this action, Defendants have operated parking facilities throughout the United States of America, including California.

### FIRST CAUSE OF ACTION

UNPAID WAGES AND UNPAID OVERTIME UNDER THE FLSA

(Collective Action for Unpaid Wages Against All Defendants)

19. Plaintiffs, individually and on behalf of all employees similarly situated, hereby restate, reallege, and incorporate by reference all of the allegations

1  contained in the preceding paragraphs of this Complaint as though fully set forth
2  herein.
3       20.   Plaintiffs bring this action on behalf of themselves and other members
4  of the proposed FLSA Class as a collective action pursuant to 29 U.S.C §216(b),
5  under the FLSA, 29 U.S.C. §201 et seq.
6       21.   At all relevant times, each Defendant has been, and continues to be, an
7  "employer" engaged in interstate "commerce" withing the meaning of the FLSA, 29
8  U.S.C. §203. At all relevant times, Defendants have employed all members of the
9  proposed FLSA Class as "employees" within the meaning of the FLSA. At all
10 relevant times, each Defendant has had gross operating revenues in excess of
11 $500,000.
12      22.   At all times relevant to this action, Plaintiffs and the other members of
13 the FLSA Class worked off-the-clock hours which included overtime hours in
14 excess of forty (40) hours in a workweek, and Defendants willfully failed to pay
15 them owed wages and/or overtime compensation at the legally mandated rate.
16      23.   At all relevant times, Defendants willfully, regularly and repeatedly
17 failed to make, keep, and preserve accurate records required by the FLSA with
18 respect to Plaintiffs and the other FLSA Class member, including records sufficient
19 to accurately determine the wages and hours of employment pertaining to Plaintiffs
20 and the other FLSA Class members.
21      24.   Pursuant to 29 U.S.C §§206, 207(a), and 216(b), Plaintiffs and the
22 other members of the FLSA Class are entitled to damages in the amount of their
23 respective unpaid wages; unpaid overtime compensation; and liquidated damages as
24 provided by the FLSA, attorney's fees and costs of action, injunctive relief
25 requiring Defendants to cease and desist from their violations of the FLSA
26 described herein and to comply with the FLSA, and such other legal and equitable
27 relief as the Court deems just and proper.
28      25.   Pursuant to 29 U.S.C. §216(b), to become members of this FLSA

1  collective action, the putative members of the FLSA Class are required to opt in to
2  this action by filing their consents with the Court.
3     26.  For the purposes of this notice and other purposes related to this
4  action, the names, addresses, and phone numbers of the putative members of the
5  FLSA Class by individual mailing of the notice and consent to join form, and by
6  posting of the notice and consent to join form at each and all of Defendants'
7  locations throughout the United States.
8     27.  Plaintiffs are informed and believe and thereon allege that there are
9  hundreds of other putative members of the FLSA Class who will sign and file
10 consent to join this collective action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment for themselves and all others on whose behalf this suit is brought, against Defendants, jointly and severally as follows:

A.  For certification of the First Cause of Action for Unpaid wages, Minimum wages and Overtime Compensation as a Collective Action pursuant to 29 U.S.C §216(b).

B.  For appointment of Plaintiff as the representatives of the FLSA Class.

C.  For appointment of Counsel for Plaintiff as Class Counsel for the FLSA Class.

D.  For such general, special and liquidated damages as may be appropriate, including all damages alleged above.

E.  For regular wages, and overtime wages for all work performed off-the-clock, and unpaid wages for all work for which they were not paid, including liquidated damages.

F.  For pre-judgment interest.

///
///

7

G.    For cost of suit and attorneys' fees under the FLSA and other applicable provision of law.

H.    For such other relief as the Court deems just and proper.

DATED: April 25, 2008

By: _____
Rene L. Barge, Esq.
Bruce Kokozian, Esq.
Attorneys for Plaintiff William Chen,
individually and on behalf of all employees
similarly situated.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: April 25, 2008

By: _____
Rene L. Barge, Esq.
Bruce Kokozian, Esq.
Attorneys for Plaintiff William Chen,
individually and on behalf of all employees
similarly situated.