JEREMY A. ROTH, Bar No. 129007
LARA K. STRAUSS, Bar No. 222866
LITTLER MENDELSON
A Professional Corporation
501 W. Broadway, Suite 900
San Diego, CA  92101.3577
Telephone:   619.232.0441

Attorneys for Defendants ABM INDUSTRIES
INCORPORATED AND AMPCO SYSTEM
PARKING

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CHEN, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMPCO SYSTEM PARKING, a California corporation, ABM INDUSTRIES, INC., a Delaware corporation and DOES 1 through 100, Inclusive,<br><br>Defendants. | Case No.  08cv0422 BEN (JMA)<br><br>**CLASS ACTION**<br><br>**DEFENDANTS ABM INDUSTRIES INCORPORATED'S AND AMPCO SYSTEM PARKING'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

Defendants ABM INDUSTRIES INCORPORATED and AMPCO SYSTEM PARKING (collectively referred to as "Defendants") hereby answer the First Amended Complaint ("FAC") filed by Plaintiff William Chen ("Plaintiff") on behalf of himself and all other similarly situated individuals, as follows:

**I.
CLASS ACTION ALLEGATIONS**

1. Answering the allegations of Paragraph 1 of the FAC, Ampco System Parking admits that it is a California corporation and that Chen was employed by Ampco System Parking. ABM Industries, Incorporated admits that it is a Delaware corporation, but denies that Plaintiff was or is employed by ABM Industries, Incorporated. Except as expressly admitted and with regard to any

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

08cv0422 BEN (JMA)
Firmwide:85263423.2 052796.1038

1.

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

1  and all remaining allegations in Paragraph 1, Defendants deny each and every allegation contained
2  therein.

3    2. Answering the allegations of Paragraph 2 of the FAC, Ampco System Parking admits
4  that it employed Plaintiff and certain other cashiers/parking attendants. ABM Industries,
5  Incorporated denies that it employed Plaintiff or other cashiers/parking attendants that were
6  employed by Ampco System Parking. Except as expressly admitted and with regard to any and all
7  remaining allegations in Paragraph 2, Defendants deny each and every allegation contained therein.

8    3. Answering the allegations of Paragraph 3 of the FAC, Ampco System Parking is
9  currently without sufficient knowledge or information to enable it to admit or deny the allegations of
10 Paragraph 3 and on that basis denies generally and specifically each and every allegation contained
11 therein. ABM Industries, Incorporated lacks sufficient knowledge or information to enable it to
12 admit or deny such allegations because it did not employ Plaintiff or other cashiers/parking
13 attendants and on that basis generally and specifically denies each and every allegation contained
14 therein.

15   4. Answering the allegations of Paragraph 4 of the FAC, Defendants deny each and
16 every allegation.

17   5. Answering the allegations of Paragraph 5 of the FAC, Defendants are currently
18 without sufficient knowledge or information to enable them to admit or deny the allegations of
19 Paragraph 5 and on that basis generally and specifically deny each and every allegation contained
20 therein.

21   6. Answering the allegations of Paragraph 6 of the FAC, Defendants are currently
22 without sufficient knowledge or information to enable them to admit or deny the allegations of
23 Paragraph 6 and on that basis generally and specifically deny each and every allegation contained
24 therein.

25   7. Answering the allegations of Paragraph 7 of the FAC, Defendants deny each and
26 every allegation.

27   8. Answering the allegations of Paragraph 8 of the FAC, Defendants deny each and
28 every allegation.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

08cv0422 BEN (JMA)
Firmwide:85263423.2 052796.1038

2.

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

9. Answering the allegations of Paragraph 9 of the FAC, Defendants are currently without sufficient knowledge or information to enable them to admit or deny the allegations of Paragraph 9 and on that basis generally and specifically deny each and every allegation contained therein.

10. Answering the allegations set forth in Paragraph 10 of the FAC, the allegations in Paragraph 10 are statements of law and a reservation of rights, and do not require a response. However, to the extent a response is required to such legal statements and reservation of rights, Defendants deny each and every such allegation.

11. Answering the allegations set forth in Paragraph 11 of the FAC, the allegations in Paragraph 11 contain only a definition of the use of the term "defendants," and do not require a response. However, to the extent a response is required to such a definition, Defendants deny each and every such allegation.

## II.
## PARTIES

12. Answering the allegations set forth in Paragraph 12 of the FAC, Ampco System Parking admits that it hired Plaintiff in August 2004, that Plaintiff's last day of active employment was in January 2008 and that he separated from employment in March 2008. ABM Industries, Incorporated denies that it employed Plaintiff at any time. Defendants lack sufficient information or knowledge to be able to admit or deny to the allegations as to Plaintiff's residence, on and that basis generally and specifically denies the allegations. Except as expressly admitted and with regard to any and all remaining allegations in Paragraph 12 of the FAC, Defendants deny each and every allegation contained therein.

13. Answering the allegations set forth in Paragraph 13 of the FAC, Ampco System Parking admits that it hired Plaintiff in August 2004, that Plaintiff's last day of active employment was in January 2008 and that he separated from employment in March 2008. ABM Industries, Incorporated denies that it employed Plaintiff at any time. Except as expressly admitted and with regard to any and all remaining allegations in Paragraph 13 of the FAC, Defendants deny each and every allegation contained therein.

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

08cv0422 BEN (JMA)
Firmwide:85263423.2 052796.1038

3.

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

14. Answering the allegations set forth in Paragraph 14 of the FAC, Ampco System Parking admits that it is a California corporation, that it has offices in various locations within the State of California and that it has offices in various other states in the United States. Except as expressly admitted and with regard to any and all remaining allegations in Paragraph 14 of the FAC, Defendants deny each and every allegation contained therein.

15. Answering the allegations set forth in Paragraph 15 of the FAC, ABM Industries, Incorporated admits that it was and is a Delaware corporation that does business in California and certain other states in the United States and admits that Ampco System Parking is a wholly-owned subsidiary of ABM Industries, Incorporated. Except as expressly admitted and with regard to any and all remaining allegations in Paragraph 14 of the FAC, ABM Industries, Incorporated denies each and every allegation contained therein.

16. Answering the allegations of Paragraph 16 of the FAC, Defendants lack sufficient information or knowledge to be able to admit or deny the allegations in Paragraph 16, and on that basis generally and specifically deny the allegations.

17. Answering the allegations set forth in Paragraph 17 of the FAC, to the extent that Paragraph relates to unidentified, Doe Defendants, Defendants lack sufficient information or knowledge to be able to admit or deny the allegations in Paragraph 17, and on that basis generally and specifically deny the allegations. Ampco Parking Systems admits that it employed Plaintiff and certain other cashiers/parking attendants. ABM Industries, Incorporated denies that it employed Plaintiff or any other cashiers/parking attendants jointly with Ampco Parking Systems. Except as expressly admitted and with regard to any and all remaining allegations in Paragraph 17 of the FAC, Defendants deny each and every allegation contained therein.

18. Answering the allegations set forth in Paragraph 18 of the FAC, Defendants admit that Ampco Parking Systems has operated and is operating parking facilities in certain states within the United States, including California, and that ABM Industries, Incorporated is the parent company of Ampco Parking Systems. Except as expressly admitted and with regard to any and all remaining allegations in Paragraph 18 of the FAC, Defendants deny each and every allegation contained therein.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

08cv0422 BEN (JMA)
Firmwide:85263423.2 052796.1038    4.    DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

## III.
## FIRST CAUSE OF ACTION
## UNPAID WAGES AND UNPAID OVERTIME UNDER THE FLSA

19. Paragraph 19 of the FAC incorporates by reference all prior allegations. Answering Paragraph 19 of the FAC, Defendants incorporate their responses to the other Paragraphs in the FAC.

20. Answering the allegations set forth in Paragraph 20 of the FAC, the allegations in Paragraph 20 are only statements that Plaintiff is bringing this action as a collective action, and do not require a response. However, to the extent a response is required to Paragraph 20 of the FAC, Defendants deny each and every allegation contained therein.

21. Answering the allegations set forth in Paragraph 21 of the FAC, Ampco Parking Systems admits that it employed Plaintiff and certain other cashiers and parking attendants and that Ampco System Parking is engaged in commerce with sufficient revenues to be subject to the Fair Labor Standards Act. ABM Industries, Incorporated admits that at times and for certain individuals it is subject to the Fair Labor Standards Act, but denies that ABM Industries, Incorporated was an employer of Plaintiff or the cashiers and parking attendants employed by Ampco System Parking as that term is defined within the Fair Labor Standards Act. Except as expressly admitted and with regard to any and all remaining allegations in Paragraph 21 of the FAC, Defendants deny each and every allegation contained therein.

22. Answering the allegations set forth in Paragraph 22 of the FAC, Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 22 and on that basis generally and specifically deny each and every allegation contained therein.

23. Answering the allegations set forth in Paragraph 23 of the FAC, Defendants deny the allegations.

24. Answering the allegations set forth in Paragraph 24 of the FAC, the allegations in Paragraph 24 are only claims about the relief sought by Plaintiff and Plaintiff's belief about such remedies, and do not require a response. However, to the extent a response is required to Paragraph 24 of the FAC, Defendants deny each and every allegation contained therein.

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

08cv0422 BEN (JMA)
Firmwide:85263423.2 052796.1038

5.

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

25. Answering the allegations set forth in Paragraph 25 of the FAC, the allegations in Paragraph 25 involve only statements of law and procedure, and do not require a response. However, to the extent a response is required to Paragraph 25 of the FAC, Defendants deny each and every allegation contained therein.

26. Answering the allegations set forth in Paragraph 26 of the FAC, the allegations in Paragraph 26 involve only statements of law and procedure, and do not require a response. However, to the extent a response is required to Paragraph 26 of the FAC, Defendants deny each and every allegation contained therein.

27. Answering the allegations set forth in Paragraph 27 of the FAC, Defendants lack sufficient knowledge or information to be able to admit or deny the allegations in Paragraph 27 and on that basis generally and specifically deny each and every allegation contained therein.

## IV.
## PRAYER FOR RELIEF

28. The allegations set forth on pages 7 through 8 of the FAC entitled Prayer for Relief and lettered as Paragraphs A through H, are requests for relief and, as such, require no response. However, to the extent a response is required, Defendants assert that Plaintiff and the alleged class members are not entitled to the relief sought.

## V.
## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that the FAC, and each and every alleged cause of action therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted or on which any class or collective action can be based.

### SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Plaintiff and the putative class members' claims are barred as a consequence of their consent to, encouragement of, or voluntary participation in, the acts complained of.

### THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Plaintiff and the putative class members'

08cv0422 BEN (JMA)
Firmwide:85263423.2 052796.1038
6.
DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

claims are barred, in whole or in part, by the doctrines of waiver, laches, unclean hands, and/or estoppel.

### FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that ABM Industries, Incorporated is not an employer of Plaintiff and any putative class members and so cannot be liable for the conduct alleged.

### FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that this suit may not be properly maintained as a class action because Plaintiff has failed to plead, and cannot establish the necessary procedural elements for, class or collective treatment.

### SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that this suit may not be properly maintained as a class or collective action because a class action is not an appropriate method for the fair and efficient adjudication of the claims described in the FAC.

### SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that Plaintiff lacks standing to bring his claims as to all or a portion of the claims alleged in the FAC and cannot adequately represent the putative class members.

### EIGHTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that the claims for relief of Plaintiff and the putative class members are barred in whole or in part by the applicable statutes of limitations, including without limitation by the applicable statute of limitations under the Fair Labor Standards Act, 29 U.S.C. section 255.

### NINTH AFFIRMATIVE DEFENSE

Any claim for liquidated damages under the Fair Labor Standards Act is barred because Defendants at all times acted in good faith and had reasonable grounds for believing that they were in compliance with the Fair Labor Standards Act.

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

08cv0422 BEN (JMA)
Firmwide:85263423.2 052796.1038

7.

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

### TENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that Plaintiff and the putative class members have been paid and/or received all wages due to them by virtue of their employment.

### ELEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants alleges that neither Plaintiff nor any putative class member was suffered or permitted to work during the time for which they were not paid the appropriate wage rate, including the overtime wage rate.

### TWELFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants alleges that if either Plaintiff or any putative class member "worked" overtime hours for which overtime compensation was not paid, Defendants had no knowledge of such overtime "work" and such overtime "work" was undertaken without the consent or permission of Defendants.

### THIRTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants alleges that any time either Plaintiff and/or any putative class members spent on work-related activities for which compensation was otherwise due but was not paid was *de minimis* such that no compensation is owed.

### FOURTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that Plaintiff and the putative class members have failed, refused and/or neglected to mitigate or avoid the damages complained of in the FAC, if any.

### FIFTEENTH AFFIRMATIVE DEFENSE

If any damages have been sustained by Plaintiff, or by any putative members of any purported class defined in the FAC, which Defendants deny, Defendants are entitled to offset benefits obtained by Plaintiff or putative class members, as well as obligations of Plaintiff or putative class members owed to Defendants, against any judgment that may be entered against Defendants and/or other payments made to Plaintiff or putative class members related to the claims at issue.

08cv0422 BEN (JMA)
Firmwide:85263423.2 052796.1038

8.

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

### SIXTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, prosecution of a class action, collective action or representative action under the facts and circumstances of this case, would constitute a denial of Defendants' due process rights, both substantive and procedural, in violation of the Constitution of the State of California and the Constitution of the United States, including the Fourteenth Amendment.

### SEVENTEENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Defendants allege that to the extent Plaintiff and putative class members seek statutory or other penalties, such claims must comport with the due process requirements of *State Farm Mutual Automobile Insurance Company v. Campbell*, 538 U.S. 408 (2003).

### EIGHTEENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Defendants allege that Plaintiff's and the putative class members' claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiff's and the putative class members' compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

### NINETEENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Defendants allege that Plaintiff's and the putative class members' alleged injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Defendants.

### TWENTIETH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Defendants allege that they have no employees who are similarly situated to Plaintiff, as that term is defined and/or interpreted under the Fair Labor Standards Act, 29 U.S.C. § 216(b).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

08cv0422 BEN (JMA)
Firmwide:85263423.2 052796.1038

9.

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

As a separate and affirmative defense, Defendants allege that Plaintiff's and the putative class members' claims are barred in whole or in part by the doctrine of avoidable consequences because Defendants took reasonable steps to prevent and correct improper wage payments, Plaintiff and the putative class members unreasonably failed to use the preventative and corrective opportunities provided to them by Defendants, and reasonable use of Defendants' procedures would have prevented at least some, if not all, of the harm that Plaintiff and the putative class members allegedly suffered.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendants state that they do not presently know all facts concerning the conduct of Plaintiff and their claims sufficient to state all affirmative defenses at this time.  Defendants will seek leave of this Court to amend this Answer should they later discover facts demonstrating the existence of additional affirmative defenses.

WHEREFORE, Defendants pray for judgment from this Court as follows:

1. Plaintiff and the putative class take nothing by this action;
2. That the FAC be dismissed with prejudice and that judgment be entered against Plaintiff and the putative class and in favor of Defendants on each cause of action;
3. That Defendants be awarded their attorneys' fees and costs of suit herein to the extent permitted under applicable law; and
4. Such other and further relief as the Court deems appropriate and proper.

Dated: May 27, 2008

*/s/ Lara K. Strauss*
JEREMY A. ROTH
LARA K. STRAUSS
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants ABM INDUSTRIES INCORPORATED AND AMPCO SYSTEM PARKING

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

08cv0422 BEN (JMA)
Firmwide:85263423.2 052796.1038

10.

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT