UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CHEN, on behalf of himself and all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMPCO SYSTEM PARKING, etc., et al.,<br><br>Defendants. | Case No. 08-CV-0422-BEN (JMA)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM RELATED STATE CASES** |

**I.    INTRODUCTION**

This case is a "collective action" brought by Plaintiff William Chen ("Chen") under the Fair Labor Standards Act ("FLSA"), 29 USC 216(b), for himself and on behalf of other similarly situated employees of Ampco Systems Parking ("Ampco").  Chen contends that Ampco had a company-wide practice of requiring him and other hourly-paid parking lot attendant employees to clock in and out at their scheduled shifts, but compelling them to work off the clock, before and after their shifts, without pay.   Plaintiff seeks to recover unpaid wages for hours he and other similarly situated Ampco employees worked.

On July 14, 2009, the parties conducted a telephonic discussion with the undersigned's law clerk regarding Plaintiff's request to compel discovery from four

related state cases brought against Ampco -- *Diaz, Morales, Reyes* and *Baylon* (the "state cases").[1] The Court further discussed this issue with the parties during a Case Management Conference on July 17, 2009 at 3:30 p.m. [Doc. 43] On July 24 and July 31, the parties provided the Court letter briefs in support of their respective positions. For the reasons set forth below, Plaintiff's request to compel Defendant to produce discovery from the state cases is **GRANTED** in part -- Defendant shall produce the deposition transcripts of the two named plaintiffs in the pending state cases (Doc. Req. No. 7). Plaintiff's request for additional discovery regarding the state cases (Doc. Req. Nos. 2, 5, 6, 7) is **DENIED**.

## II.  LEGAL STANDARD

Under Fed. R. Civ. P. 37(a)(3)(B), a party can move to compel discovery when the opposing party fails to comply with discovery requests made pursuant to Fed. R. Civ. P. 30(b)(6) 34. Fed. R. Civ. P. 26(b)(1) allows discovery of "any matter, not privileged, that is relevant to the claim or defense of any party." The Court must limit the discovery otherwise where "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C).

## III.  PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM FOUR RELATED CASES IS GRANTED IN PART AND DENIED IN PART

### A.  Only Limited Discovery Is Permitted Prior To Conditional Certification

As stated in the Court's previous order denying Plaintiff's motion to compel further discovery regarding his Rule 30(b)(6) deposition notices [Doc. No. 42], while "some limited discovery is appropriate prior to certification [in an FLSA action] unlimited discovery is not warranted." *Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550, 553-556

---

[1] *Diaz, Morales* and *Reyes* are putative class actions pending in Los Angeles Superior Court. *Baylon* is pending in Sacramento Superior Court and is not pled as a class action.

(N.D. Ill. 2008) (allowing plaintiff to proceed with limited discovery prior to provisional certification); *see also Morden v. T-Mobile USA, Inc.*, 2006 U.S. Dist. LEXIS 42047, *4-6 (W.D. Wash., June 22, 2006) (permitting "limited discovery necessary for defining the proposed class" prior to conditional certification). When and if Plaintiff obtains conditional certification, he will be entitled to broader discovery regarding whether the putative class members are "similarly situated," and therefore eligible for collective treatment under the FLSA. Rosen, Rothstein, Aspen et al., *Rutter Group Prac. Guide: Federal Employment Litigation* (The Rutter Group 2009).

### B. The Discovery Requests

**Document Request No. 2** asks Defendant to produce all statements and declarations that relate or refer to the state cases.

**Document Request No. 5** asks Defendant to produce all documents related to communications regarding the state cases

**Document Request No. 6** asks Defendant to produce all discovery produced by Ampco in the state cases, including written discovery responses, documents and deposition transcripts.

**Document Request No. 7** asks Defendant to produce all discovery that Ampco received in the state cases, including the same document types as in Doc. Req. No. 6.

Defendant Ampco objected to the above requests as being overbroad, burdensome, oppressive, vague, ambiguous and lacking relevance.

### C. Plaintiff has failed to demonstrate that discovery from the state cases is relevant

Plaintiff argues that discovery in the state cases is relevant to this action because those four cases also allege that Ampco failed to pay wages to employees for all hours worked. Although Plaintiff identifies certain similarities between the state cases and this case, such similarities are not enough to require a *carte blanche* production of all documents from the state cases. The state cases: (1) involve different (longer and

earlier) time periods;[2] (2) involve different and broader claims -- they allege only violations of California law, not the FLSA;[3] (3) are in a much more advanced phase of discovery;[4] (4) involve all California non-exempt employees, not just parking attendants and cashiers; and (5) involve different laws -- the FLSA, unlike California law, does not require rest periods or meal periods and does not provide for any daily overtime (California law requires over time be paid for hours worked in excess of 8 hours per day, whereas the FLSA requires overtime for hours in excess of 40 hours per week).

Plaintiff contends that he has attempted to reduce the burden to Defendant by offering to have Defendant make documents available for Plaintiff's inspection rather than producing them, and by narrowing his requests to documents related to meal period and off the clock claims. However, these proposed limitations are not meaningful or practical. Making all of the documents available for production ignores the Court's consistent rulings that Plaintiff is not entitled to full-scale discovery prior to conditional certification. Limiting the requests to those involving meal period and off the clock claims makes no sense because the FLSA does not have a meal period requirement and discovery from the state cases related to off the clock work will be overbroad as discovery in the state cases was directed at all of the different claims in those cases, and there is no simple way for Ampco to produce only discovery relating to off the clock work.

### D.  Production of the discovery from the state cases would be unduly burdensome

---

[2] The FLSA has a three-year statute of limitations that is not tolled unless and until a plaintiff opts in by filing a consent to join. See 29 U.SC. § 255(a). The state cases are subject to a four year statute of limitations that runs back as far as October 1, 2002.

[3] The state cases cover a broad range of claims not at issue in this case, such as California-specific claims for meal and rest period violations, failure to pay overtime, failure to pay minimum wage, unfair competition, nonpayment of wages, waiting time penalties, failure to keep accurate wage statements, and penalties under the Private Attorneys General Act.

[4] In the state cases, Ampco has produced over 52,000 pages of documents, including a sampling of time cards and payroll records, has produced putative class contact information under California law, and approximately 20 depositions have been taken.

Production of all of the discovery Ampco produced and received in the state cases would be extremely burdensome. To date, Ampco has produced over 52,000 pages of documents in these cases. Defendant contends that to the extent Plaintiff has requested documents relevant to this action and appropriate for production at this stage of the proceedings, Ampco has already produced them.  While Defendant states that it will respond to proper requests for discovery in this action, it appropriately objects to Plaintiff's "attempt to piggyback on the discovery conducted in the state cases without a sufficient showing of relevance or means to alleviate the substantial burden involved." Defs' brf. at 2, n.2.

Indeed, the fact that Ampco produced certain documents in the state cases does not necessarily make them discoverable in this case.  *See Moore v. Morgan Stanley & Co., Inc.*, 2008 WL 4681942, *5 (N.D. Ill. 2008) ("just because the information was produced in another lawsuit. . . does not mean that it should be produced in this lawsuit"); *State of Oklahoma ex. Rel. v. Tyson Foods. Inc.*, 2006 WL 2862216, *2 (N.D. Okla. 2006) (denying plaintiff's motion to compel discovery from similar case, finding that the requested discovery "is not necessarily relevant to the current proceeding"); *Payne v. Howard,* 75 F.R.D. 465, 469  (D.C.D.C. 1997) (plaintiff in malpractice suit against dentist not entitled to discover pleadings filed in other lawsuits against the same dentist).  Rather, Plaintiff must specifically ask for the documents he wants and be able to demonstrate that the information he seeks is relevant to his claims in *this* case.

**VI.   CONCLUSION**

For the reasons set forth above, the Court orders as follows:

(1)   Plaintiff's request to compel Defendant to produce the deposition transcripts of the two named plaintiffs in the pending state cases (Doc. Req. No. 7) is **GRANTED;**

(2)   Plaintiff's request for additional discovery regarding the state cases (Doc.

1       Req. Nos. 2, 5, 6, 7) is **DENIED;**

2  **IT IS SO ORDERED**.

3  DATED:  August 14, 2009

_____
Jan M. Adler
U.S. Magistrate Judge